UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALLEN BERNEL,

                Plaintiff,

-against-

YELENA KOROBKOVA, et al.,

                Defendants.

1:21-CV-5106 (LTS)

ORDER DIRECTING UPDATED PRISONER AUTHORIZATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, currently incarcerated in the Sullivan Correctional Facility, brings this action *pro se*. To proceed with a civil action in this Court, a prisoner must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request permission to proceed without prepayment of fees, submit a signed *in forma pauperis* ("IFP") application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's prison trust fund account. *See* § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore also authorize the Court to withdraw these payments from his prison trust fund account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's prison trust fund account in installments and to send to this Court certified copies of the prisoner's prison trust fund account statements for the past six months. *See* § 1915(a)(2), (b).

---

[1] The $52.00 administrative fee for filing a federal civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

Plaintiff submitted an IFP application and a prisoner authorization, but the prisoner authorization does not allow this Court to collect the filing fee. Within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or complete and submit the attached prisoner authorization. If Plaintiff submits the prisoner authorization, it should be labeled with docket number 1:21-CV-5106 (LTS).[2]

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: July 13, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files a federal civil action that is dismissed as malicious, frivolous, or for failure to state a claim on which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the relevant fees at the time of filing any new federal civil action.