UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALLEN BERNEL,

       Plaintiff,

  -against-

YELENA KOROBOVA, Facility Health Service
Director; NURSE (JOHN DOE); NURSE
PRACTICE (JOHN DOE); DIANNE HINTON,
Facility's Nurse Administrator 1; DSA KORM;
WILLIAM F. KEYSER, Superintendent,

       Defendants.

7:21-CV-5106 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

  Plaintiff, currently incarcerated in the Sullivan Correctional Facility ("Sullivan"), brings this pro se action alleging that the defendants have violated his federal constitutional rights.  He seeks damages and injunctive relief.  Plaintiff sues: (1) Yelena Korobkova, Sullivan's Facility Health Service Director; (2) "Nurse (John Doe)," an unidentified Sullivan nurse; (3) "Nurse Practice (John Doe)," an unidentified Sullivan nurse practitioner; (4) Dianne Hinton, Sullivan's Facility Nurse Administrator; (5) William F. Keyser, Sullivan's Superintendent; and (6) J. Krom, Sullivan's Deputy Superintendent in charge of administration.  The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983.

  By order dated August 13, 2021, the court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP").[1]

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

The Court directs service on the identified defendants.  The Court also directs the

Attorney General of the State of New York to provide Plaintiff and the Court with the identities

and service addresses of the unidentified defendants.

## DISCUSSION

### A.    Service on the identified defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP).  Although Rule 4(m) of the Federal Rules of

Civil Procedure generally requires that the summons and complaint be served within 90 days of

the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses

and the complaint on the identified defendants until the Court reviewed the complaint and

ordered that summonses be issued for those defendants.  The Court therefore extends the time to

serve the identified defendants with the complaint until 90 days after the date that summonses

are issued for those defendants.  If the complaint is not served on the identified defendants within

that time, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682

F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension

of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary

order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify

the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an

extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the complaint on the identified defendants through

the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service

Process Receipt and Return forms ("USM-285 form") for those defendants.  The Clerk of Court is further instructed to issue summonses for the identified defendants and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the summonses and the complaint on those defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Unidentified defendants**

Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the district court in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community Supervision ("DOCCS") to identify the unidentified defendants.  The unidentified defendants in this Action are the nurse and nurse practitioner employed at the Sullivan Correctional Facility who examined and treated Plaintiff on September 17 and 18, 2020, in the Sullivan Correctional Facility's clinic.  It is therefore ordered that the Attorney General of the State of New York, who is the attorney for and agent of DOCCS, must ascertain the identities of the unidentified defendants whom Plaintiff seeks to sue here and the addresses where those defendants may be served.  The Attorney General must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint in which he names as defendants those newly identified individuals.  The amended complaint will replace, not supplement, the original complaint.  An amended complaint form that Plaintiff should complete is attached to this order.  Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendants.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to: (1) issue summonses for the identified defendants; (2) complete USM-285 forms with the service addresses for those defendants; and (3) deliver all documents necessary to effect service of summonses and the complaint on those defendants to the U.S. Marshals Service.

The Court further directs the Clerk of Court to mail a copy of this order and a copy of the complaint to the Attorney General of the State of New York at 28 Liberty Street, New York, New York 10005.  The Attorney General must provide to Plaintiff and the Court, within 60 days of the date of this order, the identities and service addresses of the unidentified defendants.

An amended complaint form is attached to this order.

SO ORDERED.

Dated:    August 16, 2021
          White Plains, New York

                                              _____
                                              KENNETH M. KARAS
                                              United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.    Yelena Korobkova
      Facility Health Service Director
      Sullivan Correctional Facility
      325 Riverside Drive
      P.O. Box 116
      Fallsburg, New York 12733-0116


2.    Dianne Hinton
      Facility Nurse Administrator
      Sullivan Correctional Facility
      325 Riverside Drive
      P.O. Box 116
      Fallsburg, New York 12733-0116

3.    William F. Keyser
      Superintendent
      Sullivan Correctional Facility
      325 Riverside Drive
      P.O. Box 116
      Fallsburg, New York 12733-0116


4.    J. Krom
      Deputy Superintendent
      Sullivan Correctional Facility
      325 Riverside Drive
      P.O. Box 116
      Fallsburg, New York 12733-0116

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)


**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                    Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____